IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | No. 3:23-mc-00006<br><br>Underlying Litigation:<br>Civil Action No. 1:21-cv-02900-CJN<br>United States District Court<br>District of Columbia |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA

Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") submits this memorandum of law in support of its Motion to Compel Compliance with a Rule 45 Subpoena (the "Motion") issued in connection with the underlying litigation, which is pending in the United States District Court for the District of Columbia, and respectfully shows the Court the following:

### I. INTRODUCTION AND BACKGROUND

Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively "Smartmatic") sued in the United States District Court for the District of Columbia, claiming billions of dollars in damages against OAN, a small, family-run news network. Discovery is ongoing, and the deadline for completing fact discovery is December 8, 2023.

On September 13, 2023, OAN properly served a Rule 45 subpoena on a Smartmatic former employee, Hugh Gallagher, for an October 6, 2023 deposition in Charlottesville, Virginia.[1] (Ex. 1-A, Edwards Decl.) Counsel for Smartmatic, we were informed, are also counsel for Mr. Gallagher, and they accepted service of the subpoena on his behalf. (Ex. 1-B at 1, Edwards Decl.)

Smartmatic subsequently filed a motion for protection in the District Court for the District of Columbia on behalf of a number of deponents, arguing primarily that—despite Rule 26(d)(3)'s clear command otherwise—OAN should have to wait to take depositions until all discovery is complete. (Pls.' Mot. to Issue a Protective Order, Stay Deps., and Amend Scheduling Order, *Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 1:21-cv-02900-CJN (D.D.C. Sept. 18, 2023).) Smartmatic sought to include Mr. Gallagher within the scope of its requested relief in that motion, although it did not file on Mr. Gallagher's behalf. (*See id.* at ECF p. 31.) OAN filed a response in opposition, which remains pending in D.D.C. (OAN's Response in Opposition to Smartmatic's Mot. for a Protective Order, Stay of Depositions, and Amended Scheduling Order, *Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 1:21-cv-02900-CJN (D.D.C. Sept. 27, 2023).)

Earlier this week, OAN requested permission in the D.D.C. to move to compel five Smartmatic witnesses who also did not appear for their depositions despite Plaintiffs' failure to obtain relief from that Court staying or modifying the deposition dates. Mr. Gallagher has similarly failed to appear for this deposition without excuse or Court permission. (Ex. 1-C at 1, Edwards Decl.; Ex. 1-D at 1, Edwards Decl.)

---

[1] On the same day, OAN also noticed depositions for the three Plaintiff entities, two current Smartmatic employees, and another former Smartmatic employee, Jack Blaine. Blaine attended his deposition on October 2 in Austin, Texas.

Rule 45 dictates that only the court for the district where the witness's compliance is required may modify or quash a subpoena, yet Mr. Gallagher made no attempt to obtain such relief in this district before failing to appear for the deposition. *See* Fed. R. Civ. P. 45(d)(3)(A). Rule 45 also allows the "court for the district where compliance is required" to hold a person contempt for failure to obey a subpoena. Fed. R. Civ. P. 45(g).

OAN therefore requests that the Court order Mr. Gallagher to comply with the subpoena for his deposition and compel his attendance at a deposition within 14 days of this Court's order, and award OAN its reasonable attorneys' fees and expenses incurred in cancelling the deposition and being forced to bring this Motion.

## II. ARGUMENT

### A. Legal Standard

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." *See* Fed. R. Civ. P. 37(a). A nonparty who fails to appear for a deposition after receiving proper notice may be compelled to appear. *See* Fed. R. Civ. P. 45(a), (c). For a Rule 45 subpoena, a motion to quash or modify a subpoena must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("Subpoenas are essential to obtain discovery from nonparties. To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)."). Mr. Gallagher resides in this District and division where compliance was required.

A person who fails to obey a subpoena without adequate excuse may be held in contempt. Fed. R. Civ. P. 45(g); *Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *8 (W.D. Va. Apr. 23, 2014). "Courts have often found a person in contempt for refusing to comply

with a validly issued subpoena without objecting to it or making a motion to quash." *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001). Penalties for civil contempt may include reimbursement for expenses and reasonable attorneys' fees. *Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, No. 6:12-CV-00023, 2013 WL 12314518, at *2 (W.D. Va. Nov. 14, 2013).

      **B.**    **Mr. Gallagher should be compelled to comply with the subpoena.**

OAN properly noticed the deposition of Mr. Gallagher by way of a Rule 45 subpoena but he failed to appear. (Ex. 1-A at 27, Edwards Decl.; Edwards Decl. ¶ 9.) The courts (and the Federal Rules) control discovery. Smartmatic's motion for protection in the D.D.C. did not relieve Mr. Gallagher of his duty to appear at his properly noticed deposition in Charlottesville, Virginia. And Mr. Gallagher did not file any objection or seek any relief from this Court, and the motion in the D.D.C. was not filed on his behalf, although he was mentioned. *See* Fed. R. Civ. P. 45(d)(3). Mr. Gallagher should be compelled to comply with the properly and timely noticed Rule 45 subpoena by appearing for deposition within 14 days of the date of the Court's order.

      **C.**    **Mr. Gallagher should be held in contempt for failing to comply with the subpoena without adequate excuse.**

There is no adequate excuse for Mr. Gallagher's failure to comply with the Rule 45 subpoena. Mr. Gallagher did not file a timely motion to quash, nor did he object to the time or place of the deposition. *Smartmatic's* Motion for Protection *in another court* is no excuse, much less an adequate excuse, for ignoring the command of the court in the Rule 45 subpoena. *See Bariteau*, 206 F.R.D. at 131.

Thus, Mr. Gallagher should be held in civil contempt and ordered to pay OAN's reasonable attorneys' fees and expenses associated with cancelling the properly noticed deposition and failing to appear, as well as in bringing this Motion. *See Hanwha Azdel*, 2013 WL 12314518, at *2. OAN requests permission to submit an application for these fees with supporting documentation.

### III.   CONCLUSION

Mr. Gallagher is a material witness in a claimed billion-dollar case where the discovery cutoff is two months away. He should be made to appear within 14 days of an order and attorneys' fees should be awarded to OAN.

By: */s/ Trent McCotter*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(*pro hac vice* forthcoming)
John K. Edwards
(*pro hac vice* forthcoming)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
jedwards@jw.com


**BOYDEN GRAY PLLC**
R. Trent McCotter (VSB # 94018)
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*